# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1890.

75 557
82 433
75 557
87 76

THE GULF, COLORADO & SANTA FE RAILWAY COMPANY V.
H. H. HATHAWAY.

No. 2715.

1. **Collision at Crossing of Railroads.**—A passenger on the Southern Pacific Railway was injured in a collision with a car upon the track of the Gulf, Colorado & Santa Fe Railway Company, alleged to have been negligently left so as .to occasion the collision. The passenger sued both companies. The Southern Pacific Railway Company alleged that the injury was caused alone by the negligence of the other railway company, and asked judgment over against it in case the plaintiff should recover. *Held*, that it was within the power of the court to allow such relief.

2. **Verdict Must be Intelligible.**—A verdict, " We the jury find for the plaintiff against the G. C. & S. F. Rwy. Co., find for Southern Pacific Company, damages to the amount of ($4000) four thousand dollars," is not sufficiently certain to support a judgment for plaintiff against the appellant (the Gulf, Colorado & Santa Fe Railway Company).

APPEAL from Fort Bend. Tried below before Hon. W. H. Burkhart. The opinion contains a statement.

*J. W. Terry*, for appellant. — 1. The court erred in overruling the exception of this defendant to so much of the answer of the Southern Pacific Company as seeks a recovery over against this defendant. The Southern Pacific Company not being a plaintiff in the case, was not entitled to ask for judgment against appellant, its codefendant.

2. The verdict of the jury is not intelligible, and is too uncertain and indefinite to support a verdict against this defendant. [See opinion.]

*Brady & Ring* and *Parker & Pearson*, for appellee. — 1. The transcript does not show the proper punctuation of the verdict; nor is the proper punctuation of the same shown in appellant's brief. The verdict should be punctuated as follows: "We the jury find for the plaintiff against the G. C. & S. F. Ry. Co. (find for Southern Pacific Company) damages to the amount of ($4000) four thousand dollars." In the special charge asked by defendant the same abbreviation is used as in the verdict of the jury. The Southern Pacific Company, in the answer filed by them, did not ask for damages against the Gulf, Colorado & Santa Fe Railway Company. Newcomb v. Walton, 41 Texas, 318; Galbreath v.

Atkinson, 15 Texas, 21; Moke v. Fellman, 17 Texas, 368; Loggins v. Buck, 33 Texas, 118.

2. The jury evidently forgot to find anything in regard to the Southern Pacific Company, and their attention being called to this point by the court when the verdict was returned, they interlined the words "find for Southern Pacific Company" in the wrong place. They find in express terms for the plaintiff; they find in express terms against the Gulf, Colorado & Santa Fe Railway Company; they find in express terms for the Southern Pacific Company; they find in express terms damages to the amount of $4000. There is no ambiguity on the face of the verdict. As to the abbreviations used by the jury, the same abbreviations appear in all the special charges given for appellant at the instance of appellant's counsel and signed by him. He signs his name to the pleadings in the case as attorney for the "G. C. & S. F. Ry. Co."

HENRY, ASSOCIATE JUSTICE.—Appellee instituted this suit against appellant and the Southern Pacific Company, both railway corporations, to recover damages.

Plaintiff charges that he was a passenger on a train being operated by the Southern Pacific Company when it came in violent collision with a locomotive engine obstructing the track, causing the car in which he was riding to be derailed and wrecked; that in order to avoid the apparent danger of being crushed in the wreck, he jumped from the wrecked car and was, without fault on his part, permanently injured by having his ankle terribly wrenched and sprained.

The petition alleges that the obstruction of the track was caused by the servants of appellant, who negligently pushed the obstructing engine so near the track over which plaintiff was being transported as to cause the collision, and that the Southern Pacific Company was guilty of negligence in failing to discover and remove the obstruction before the arrival of the colliding train.

Among other defenses, the Southern Pacific Company pleaded that plaintiff's injury was caused solely by the gross negligence of its codefendant, and it prayed that if any judgment was rendered against it in favor of plaintiff, that judgment over be rendered in its favor against its codefendant for the amount of such verdict.

Appellant excepted to the answer of its codefendant seeking judgment over, upon the grounds that it was not a plaintiff, and not entitled to such relief in this proceeding.

It is contended that the court erred in overruling this exception, but it is not stated in what the error consisted; and we can see no satisfactory reason why such relief may not be administered, if the evidence shall justify it.

The jury returned a verdict reading: "We the jury find for the

plaintiff, against the G. C. & S. F. Rwy. Co., find for Southern Pacific Company, damages to the amount of ($4000) four thousand dollars."

Upon this verdict the court rendered judgment in favor of plaintiff against appellant for the amount specified in the verdict, and discharging the Southern Pacific Company with costs.

Appellant complains that the verdict is "unintelligible, indefinite, and uncertain."

We think the objections are well taken.

Without the aid of the pleadings we think the verdict would be construed to be in favor of the Southern Pacific Company for the amount of damages given, and would not show what was found in favor of plaintiff against appellant.

As both plaintiff and the Southern Pacific Company pray for the same moneyed judgment against appellant, the pleadings do not remove the difficulty produced by the phraseology of the verdict.

It is true that the verdict does not show that the only contingency upon which a verdict was asked by the Southern Pacific Company arose.

It is not difficult to make verdicts express the conclusions of the jury; and while they may be liberally aided by the contents of the record, and enforced when, if so aided, there can be no uncertainty as to the intention of the jury, mere conjecture can not be resorted to. In this case we are not able to give to the verdict, aided by the pleadings or the charge of the court, a construction that will support the judgment. Moore v. Moore, 67 Texas, 297.

The other questions raised by the assignment of errors are not such as are likely to occur on another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered January 10, 1890.