McLennan County v. J. W. Frost et al.

Decided June 10, 1903.

**Fees of Office—Deputies—Fixing Salaries.**

An order of the county judge authorizing and fixing the salaries of nine deputies for the county assessor was a sufficient compliance with the requirements of section 12 of Act of June 16, 1897 (Laws, 25th Leg., chap. 5, p. 5) though accompanied by a proviso that the office should yield revenue sufficient to pay the sums named; the proviso was immaterial and could be regarded as surplusage.

Appeal from the District Court of McLennan. Tried below before Hon. M. Surratt.

*Clark & Bolinger,* for appellant.

*Taylor & Gallagher,* for appellees.

KEY, Associate Justice.—This is a suit by McLennan County against a former tax assessor for a debt, the principal of which is alleged to be $871.34, the county's contention being that the defendant had obtained that sum from the county in excess of the compensation allowed him by law. W. S. Frost, J. G. Fennell and S. C. Brown intervened, and asserted that they, having acted as deputies under the defendant Frost, were entitled to the fund claimed by the county.

There was a nonjury trial, resulting in a judgment against the county, and judgment for the interveners, as prayed in their respective pleas.

The jurisdiction of this court being final, we are not required to file findings of fact. However, there is no dispute about the facts. The main contention of the county is that the county judge had not authorized the county assessor to employ the interveners as deputies, and allow them the compensation claimed in this case. The county judge made an order authorizing the county assessor to appoint nine deputies and three assistants, one deputy to receive a salary of $100 per month, and each of the others $75 per month, provided the office should yield revenue sufficient to pay the sums named. It is contended on behalf of appellant that this was not such fixing of the salaries to be paid to the deputies as is required by section 12 of the Act of June 16, 1897, regulating the fees of county officers.

This contention is not believed to be sound. In our opinion, the proviso embodied in the county judge's order fixing the salaries was wholly immaterial, and may be treated as surplusage. If the proviso had not been made and the fees and commissions allowed by law had been insufficient to pay the deputies the full amount of their salaries, the result would have been the same.

All of the questions presented in appellant's brief have received due consideration, and our conclusion is that the proper judgment was rendered, and it will be affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.