## F. RISKE v. ROTAN GROCERY COMPANY.

Decided December 21, 1904.

**1.—Special Verdict—Alternative Questions.**

Where special questions were submitted to the jury for answer alternatively, as: was a sale in good faith, or was it fraudulent? the answer, no, was indefinite and insufficient to support a judgment.

**2.—Note—Assignment—Fraud.**

Where a stock of goods was transferred in consideration for notes of the owner held by the vendee by indorsement from the payee, the sale being attacked by a creditor on the theory that the maker had furnished such assignee the money to buy the notes, no issue arose as to the assignee's legal title to the notes, but only the question of fraud was involved.

**3.—Fraud—Creditor.**

One who did not become a creditor of a vendor till after the sale of his property can not attack the sale as fraudulent.

Appeal from the County Court of Lee. Tried below before Hon. John H. Tate.

*Simmang & Harris,* and *J. N. Storey,* for appellant.—The court erred in overruling the defendants amended motion for a new trial because the jury failed to answer special issue No. 6 wherein they are asked "Was the sale of the stock of goods made to F. Riske for the purpose of defrauding the creditors of L. Reuther or was it made to secure the payment of a valid and existing debt." Batts Revised Statutes, arts. 1331, 1333; Ledyard v. Brown, 27 Texas, 406; Smith v. Warren, 60 Texas, 462; Stephenson v. Chappell, 12 Texas Civ. App., 296; 36 S. W. Rep., 482; Kilgore v. Moore, 14 Texas Civ. App., 23; 36 S. W. Rep., 317; Moore v. Moore, 67 Texas, 293.

A creditor may receive or purchase from the insolvent debtor property in payment of his debt, knowing that the effect will be to hinder and delay other creditors in the collection of their debts, provided no more property is received than is reasonably necessary to discharge the debt. Batts Rev. Stat., art. 2544; Lewy v. Fischl, 63 Texas, 317; Greenlove v. Blum, 59 Texas, 126; Edwards v. Dickson, 66 Texas, 613;

Elser v. Graber, 69 Texas, 223; Schneider v. Sansom, 62 Texas, 201; Owens v. Clark, 78 Texas, 547.

No appearance for appellee.

KEY, ASSOCIATE JUSTICE.—The Rotan Grocery Company brought this suit against Otto Reuther and his wife Louise Reuther upon an open account for $226.54. Fritz Riske was also made a party defendant, and the plaintiff alleged that the Reuthers had fraudulently transferred a stock of merchandise to Riske, and prayed for judgment cancelling the sale of the merchandise and subjecting it to the plaintiff's demand. The Reuthers filed no answer and judgment by default was rendered against them.

The defendant Riske answered by general denial, and by a special plea, averring that his codefendants were justly indebted to him in a sum greater than the value of the stock of merchandise, and that he purchased the same for the purpose of collecting his debt.

The undisputed testimony shows that the defendant Otto Reuther was, and for a long time had been, insolvent; that on March 11, 1903, one August Matthijetz conveyed a small stock of merchandise to Mrs. Louise Reuther for a recited consideration of $500, $25 consisting of a cash payment and the remainder embodied in ten promissory notes of $50 each, one due each month thereafter. The notes referred to in the bill of sale, were executed by Otto and Louise Reuther, and were put in evidence upon the trial. Each of these notes appeared to have been assigned by written endorsement signed by Augustus Matthijetz to the defendant Riske on the 15th day of September, 1903. Matthijetz and the defendant Riske both testified that the latter bought the notes from the former on September 15, 1903, and paid therefor the sum of $401.35. The testimony tends to show that the greater portion of the sum which Riske claims to have paid for the notes, was obtained by him from Mrs. Reuther. He testified that she paid it to him in satisfaction of a debt; but whether such was the fact, or whether she delivered the money to him to purchase the notes for the benefit of herself and husband, was a question to be decided by the jury. On January 16, 1904, the Reuthers sold the stock of merchandise to the defendant Riske in satisfaction of the ten notes referred to, and the stock inventoried $401.35, and was not worth more than that amount.

The court submitted the case to the jury upon the following special issues:

"1. Did A. C. Matthijetz sell to F. Riske the ten notes introduced in evidence? If yes, then was said sale made in good faith and for value?

"2. What, if anything, did F. Riske pay for said notes?

"3. Was F. Riske the legal holder for a valuable consideration on January 16, 1904, of the said ten (10) notes?

"4. Was the sale of the stock of goods alleged to have been made to F. Riske on January 16, 1904, made in good faith?

"5. Did F. Riske pay a valuable consideration to Otto and Louise Reuther for said stock of goods? If yes, then state how much he paid?

"6.  Was the sale of said stock of goods to said F. Riske made for the purpose of defrauding the creditors of L. Reuther, or was it made to secure the payment of a valid and existing debt?"

By their verdict, the jury answered those issues as follows:

To special issue No. 1, we answer:   No.
To special issue No. 2, we answer:   No.
To special issue No. 3, we answer:   No.
To special issue No. 4, we answer:   No.
To special issue No. 5, we answer:   No.
To special issue No. 6, we answer:   No.

Upon the verdict the court rendered judgment for the plaintiff for the amount of the debt sued for as against the Reuthers, and cancelling the sale of the stock of merchandise, as against all of the defendants.

The defendant Riske has appealed, and contends that the verdict of the jury is unsupported by the testimony.  This court does not sustain that contention, but reverses the judgment upon another ground relied on.

The first issue submitted to the jury involved two questions, viz: (1) did Matthijetz sell the ten notes to the defendant Riske; and (2). if he did, was the sale made in good faith and for value.  To these questions the jury gave one answer, which was "No," but there can be no controversy as to the question of Riske's legal title to the notes referred to, and that question should not have been submitted to the jury.  The notes were assigned to the defendant Riske by written endorsements to that effect, which endorsements were signed by Matthijetz, the payee named in the notes.  These endorsements vested in the defendant Riske the legal title to the notes; and if the notes were valid and just claims against the Reuthers, and if they were not purchased with funds furnished by one or both of the Reuthers, then, by reason of the assignments referred to, they became the property of Riske, whether he paid value for them or not; and he had as much right to purchase the stock of merchandise in payment of the notes as Matthijetz would have had if they had not been assigned.  We therefore hold that the court should not have submitted to the jury the question of Riske's title to the notes.

Like the first, the sixth special issue presented two questions to the jury, viz:   (1) was the sale of the stock of goods to the defendant Riske made for the purpose of defrauding creditors; or (2) was it made to secure the payment of a valid and existing debt?  Instead of answering these questions separately, the jury gave one general answer in the negative, which leaves it uncertain as to what answer they intended to make.  If they intended to give a negative answer to the first question, then the plaintiff was not entitled to any judgment against the defendant Riske.

Also in response to the second special issue submitted, requiring the jury to answer what, if anything, Riske paid for the notes, the jury answered "No."  Unless the word "no," as here used, can be construed to mean "nothing," the answer was not responsive to the issue submitted.

Therefore, in view of the defects pointed out in the verdict, we have concluded to send the case back for another trial. At that trial, unless materially different testimony is introduced, the issue decisive of the rights of the defendant Riske will be: (1) Were the ten notes assigned to him by Matthijetz valid claims against the Reuthers; and (2) If they were such, were they paid for in whole or in part with funds furnished by and belonging to one or both of the Reuthers? If the Reuthers furnished all or part of the consideration paid by Riske for the notes, and they were, by the procurement of Riske, assigned to him in order that he might hold them as a pretended claim against the Reuthers, then the sale of the stock of goods by the Reuthers to Riske was fraudulent, and the plaintiff is entitled to have it set aside. But if, prior to the time of their assignment, the notes were valid claims against either of the Reuthers, and none of the funds used by Riske in paying for them belonged to either of the Reuthers, then the sale of the stock of goods to Riske was not fraudulent, and the plaintiff is not entitled to a recovery against him.

We hold that the trial court committed no error in the rulings complained of as to the admissibility of testimony. The case appears to have been disposed of in the court below, and submitted in this court, upon the assumption that the plaintiff was a creditor of the Reuthers at the time they transferred the stock of merchandise to Riske; but the statement of facts fails to show that such was the fact. Appellant's brief makes no point on that branch of the case, nor has the omission referred to been considered in deciding the appeal. Of course, if the plaintiff was not a creditor of the Reuthers when the sale referred to occurred, it cannot attack the sale.

For the errors pointed out, the judgment is reversed and the cause remanded, as between the plaintiffs and the defendant Riske; as between the plaintiff and the other defendant is affirmed.

*Reversed and remanded in part, and affirmed in part.*