GOLDSTEIN v. HEFLIN.   (No. 8099.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 20, 1915.)

SALES ⊂═⊃398—RECOVERY OF PRICE—SPECIAL VERDICT—INCONSISTENCIES.

A special verdict in an action for the price of two car loads of goods, defended on the ground that the goods were not shipped in accordance with the contract, and hence not accepted; that under the contract the buyer could inspect the goods on arrival before acceptance; that the goods belonged to him on arrival; that both parties breached the contract; that one car was not in condition because of delay in shipment due to the fault of the seller; that the buyer sold both cars, but did not deliver them—is contradictory and uncertain, and does not support a judgment which must follow the verdict.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1137–1139; Dec. Dig. ⊂═⊃398.]

Appeal from Tarrant County Court; Chas. T. Prewitt, Judge.

Action by M. W. Heflin against W. Goldstein. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

C. B. Ambrose and W. R. Sawyers, both of Ft. Worth, for appellant. H. D. Payne and A. C. Heath, both of Ft. Worth, for appellee.

DUNKLIN, J. W. Goldstein contracted to buy watermelons from M. W. Heflin during the summer of 1912 in car load lots. Goldstein was a wholesale dealer in Ft. Worth, and the melons were to be shipped to him by Heflin from Falfurrias. Goldstein's method of handling the shipments was to sell them in car load lots to his customers and divert the cars to such customers after they reached Ft. Worth without unloading them. Heflin instituted this suit against Goldstein to recover the contract prices of two car loads of melons which were shipped to Goldstein from Falfurrias, and from a judgment in favor of the plaintiff for the sum of $75 Goldstein has appealed.

Seventy dollars was the alleged contract price of one of the cars of melons, and $75 was the alleged contract price of the other car. The defendant pleaded that the melons were not shipped in compliance with Heflin's contract; that by reason thereof he did not accept them when they reached Ft. Worth, and that he was not indebted to plaintiff in any sum. The suit was tried by a jury, and a verdict was returned upon special issues submitted by the trial court. In answer to one of the special issues the jury found that under the contract between the parties Goldstein had the right to inspect the melons on their arrival at Ft. Worth before accepting them. The jury further found that the melons belonged to Goldstein when they arrived at Ft. Worth; that both plaintiff and the defendant breached the contract; that one car of the melons was not in good condition on account of being delayed in shipment, which delay was due to the fault of the plaintiff. In answer to another issue the jury found that the defendant sold both cars of melons, but did not deliver the same to his purchasers. Numerous other special issues were submitted upon which the jury made findings, some of which were nothing more than questions of evidence bearing upon the material issues in the case, and the findings upon which were contradictory and uncertain. The findings of the jury, taken as a whole, and as indicated, already were too confusing, contradictory, and uncertain to support any judgment thereon, and it was fundamental error for the court to enter any judgment in the cause instead of setting the case down for another trial. It is well settled that a judgment must follow the verdict. Ablowich v. Greenville Natl. Bank, 95 Tex. 429, 67 S. W. 79, 881. If the verdict is so contradictory and uncertain that no reasonable conclusion can be reached relative to the findings the jury intended to make upon the controlling issues in the case, it amounts to no verdict at all and furnishes no basis for any judgment.

For these reasons the judgment is reversed, and the cause remanded.