PECOS & N. T. RY. CO. v. RAILROAD COMMISSION OF TEXAS. (No. 5712.)

(Court of Civil Appeals of Texas. Austin. Feb. 15, 1917. Rehearing Denied March 28, 1917.)

1. TRIAL ☞331—SUFFICIENCY OF FINDINGS TO SUPPORT JUDGMENT — INCONSISTENT FINDINGS.

In a suit to enjoin the enforcement of an order of the Railroad Commission requiring plaintiff railroad to build a station at a designated place, where the answer to special issues as to whether plaintiff had designated a depot in a place named in each was "Yes; * * * but not permanent," and the answer to a special issue as to whether plaintiff had at any time established a stopping place at or near the place designated by the commission for receiving and discharging passengers and freight was "No," and the answer to a special issue whether the order of the Railroad Commission was unreasonable was "No," the verdict was so ambiguous and contradictory as to require a reversal of a judgment for defendant based thereon, since in order to support a judgment a verdict taken as a whole must be plain in its meaning and not inconsistent in its findings upon material facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783.]

2. RAILROADS ☞58—CONSTRUCTION—DESIGNATION OF DEPOT—CHANGE.

By the direct provisions of Rev. St. 1911, art. 6550, no railroad company may change its depot grounds after they have been designated.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136.]

---

**3. APPEAL AND ERROR ⬤⟿837(7)—REVIEW—EVIDENCE.**

The appellate court cannot look to the evidence, unless it is uncontradicted, to see what the jury ought to have found in order to determine what they did find, but when a verdict is apparently not clear, it may look to the evidence to determine that it is in fact ambiguous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3262.]

**4. RAILROADS ⬤⟿58—CONSTRUCTION—DESIGNATION OF DEPOT.**

By placing a suggested location upon its preliminary map as a place suitable for a depot, and so reporting it to the chief officers of the railroad, who after investigation decided not to designate such place as a depot or a station, a railroad did not designate such place as a depot within the meaning of Rev. St. 1911, art. 6550.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136.]

**5. TRIAL ⬤⟿350(1)—SUBMISSION OF SPECIAL ISSUES—DESIGNATION OF RAILROAD DEPOT.**

On the issue as to whether or not the plaintiff had designated such place as a depot, it was error to submit two special issues as to whether or not the plaintiff had designated a depot naming a different place in each as but one question as to the designation of such depot should have been propounded, and no answer should have been received except "Yes" or "No."

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 828.]

**6. RAILROADS ⬤⟿58—CONSTRUCTION—DESIGNATION OF DEPOT.**

For the purposes of such case, two places separated only by the railroad track are one and the same place.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136.]

**7. RAILROADS ⬤⟿9(2) — REVIEW OF ORDER DESIGNATING STATION—DOCUMENTARY EVIDENCE—MAPS.**

If plaintiff's road was in fact, if not in name, built and owned by another railroad company, a map issued by the immigration department of such other railroad showing the place indicated by the Railroad Commission as a station on plaintiff's road was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 17–19.]

**8. RAILROADS ⬤⟿9(2)—CONSTRUCTION OF DEPOT—ORDER OF RAILROAD COMMISSION—EVIDENCE—BURDEN OF PROOF.**

By the direct provisions of Rev. St. 1911, art. 6658, the burden was on the plaintiff to show by clear and satisfactory evidence that the order of the Railroad Commission as to the cost of the depot ordered to be erected at the place indicated was unreasonable and unjust to the plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 17–19.]

**9. RAILROADS ⬤⟿58—CONSTRUCTION—"DEPOT GROUNDS"—"STATION."**

The words "depot grounds" as used in Rev. St. 1911, art. 6550, are synonymous with "station" (citing Words and Phrases, Station).

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 130, 131, 133, 135, 136.]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit for injunction by the Pecos & Northern Texas Railway Company against the Railroad Commission of Texas. From a judgment for defendant and from the refusal of a motion for a new trial, the plaintiff appeals. Reversed, and remanded for a new trial.

Terry, Cavin & Mills, of Galveston, Madden, Trulove, Ryburn & Pipkin and W. H. Kimbrough, all of Amarillo, and Ramsey, Black & Ramsey, of Austin, for appellant. B. F. Looney, Atty. Gen., Luther Nickels, Asst. Atty. Gen., A. B. Martin, of Plainview, and N. A. Stedman, of Austin, for appellee.

### Statement of the Case.

JENKINS, J. On February 25, 1914, the following proceedings were had before the Railroad Commission of Texas.

"Office of Railroad Commission of Texas.

"Austin, Texas, February 25th, 1914.

"Hurley, on P. & N. T. Ry., Petition for Depot and Station Facilities.

"Hearing No. 1446.

"The above numbered and entitled cause having been called for hearing by the commission on the 16th day of December, 1913, in pursuance of notice duly given, and the parties hereto having appeared by their representatives, the commission, having heard the evidence and argument of counsel, and having taken the matter under advisement, and having now duly considered the same, finds that Hurley is a station on what is known as the Texico-Lubbock cut-off of the Pecos & Northern Texas Railway Company, and that said Pecos & Northern Texas Railway Company is under the duty of providing and maintaining an adequate depot and depot building at said station for the accommodation of passengers, and to keep and maintain an adequate freight depot and building at said station for the receiving, handling, storing, and delivering of freight, and to build sidings and spur tracks sufficient to handle all the business tendered said railway company at said station; and the commission further find that one building to be constructed of such material and design as said railway company may determine, and at a cost of not less than $250, and not more than $500, within the discretion of said railway company, will be sufficient for the present needs of the public in the accommodation of both freight and passenger business of said station of Hurley.

"It is therefore ordered by the Railroad Commission of Texas that said Pecos & Northern Texas Railway Company be and it is hereby ordered and required, within sixty days after the delivery of a copy of this notice to its general manager, to erect and complete at said station of Hurley a building of such material and design as said railway company may determine, and at a cost within its discretion of not less than $250 and not more than $500, such building to be suitable for the accommodation of both passengers and freight, and that said railway company shall within said period of sixty days build such sidings and spur tracks at said station as will be sufficient to handle all business tendered said railway company at said station.

"William D. Williams,
"Earle B. Mayfield,
"Commissioners.

"Attest:
"E. R. McLean, Secretary."

On April 14, 1914, the appellant filed a petition in the district court of Travis county asking for a temporary injunction to restrain the Railroad Commission from enforcing said

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

order, with a prayer for perpetual injunction upon final hearing.

Upon trial the case was submitted to a jury upon the following special issues:

"Question 1. Did the Pecos & Northern Texas Railway Company at any time prior to the institution of proceedings before the Railroad Commission of Texas designate depot grounds at Hurley?

"In connection with the above question you are instructed that, in determining whether depot grounds were designated by the railway company at Hurley, it is not necessary that such depot grounds should be in or within the town of Hurley, as platted, but it would be sufficient if the place at which such depot grounds were designated, if they were designated at all, was within a reasonable distance from the town of Hurley as platted, provided that in view of the attending circumstances you believe from the evidence that a place near, but not within, the town of Hurley was a reasonable designation of that place as the site for the depot grounds. And you are further instructed that the term 'depot grounds' in legal contemplation signifies the same thing as a railroad station.

"Question 2. Did the plaintiff, the Pecos & Northern Texas Railway Company, prior to the making of the defendant Railroad Commission's order offered in evidence in this case, designate any place on its Texico-Lubbock cut-off at or near the Hurley town site as any kind of station or depot grounds?

"Question No. 3. If in answer to question No. 2 you find that the plaintiff, before the making of said order by the defendant, Railroad Commission, designated any place on said cut-off at or near the Hurley town site as any kind of station, then you will state at what place, if any, said station or depot grounds were located, with reference to the sections and section lines and other lines indicated on the map furnished by the railway company to the Railroad Commission of Texas.

"Question 4. Did the Pecos & Northern Texas Railway Company at any time prior to the institution of proceedings before the Railroad Commission of Texas establish the place referred to in the evidence as Warren's Siding, Muleshu, or Hurley as a siding and stopping place for receiving and discharging way passengers and freight?

"Question 5. Was the order of the Railroad Commission of Texas entered on February 25, 1914, offered in evidence in this case, requiring the plaintiff, the Pecos & Northern Texas Railway Company, to erect and complete at a place called Hurley a building of such material and design as said railway company might determine, and at a cost within its discretion of not less than $250, and not more than $500, such building to be suitable for the accommodation of both passengers and freight, and requiring said railway company to build such siding and spur tracks at said place as would be sufficient to handle all business tendered said railway company at said place, unreasonable and unjust to said railway company as to the amount which would be required to be expended thereby? Before you would be justified under the law in answering this question in the affirmative, the plaintiff herein, the Pecos & Northern Texas Railway Company, must have shown to you by clear and satisfactory evidence that said order was unreasonable and unjust to it."

To the first question the jury answered: "Yes; preliminary, but not permanent." To the second question the jury answered: "Yes; preliminary, but not permanent." To the third question the jury answered: "On section 21, block Y." To the fourth and fifth questions the jury answered: "No."

## Opinion.

[1] We are of the opinion that the court erred in refusing to grant the appellant a new trial upon the ground that the verdict is insufficient as a basis for a judgment. In order to support a judgment, a verdict, taken as a whole, must be plain in its meaning and not inconsistent in its findings upon material facts. In support of the proposition that the verdict must be plain, intelligible, and unambiguous we cite Moore v. Moore, 67 Tex. 293; Brown v. Harless, 22 Tex. 646; Aultman v. Cappleman, 36 Tex. Civ. App. 523, 81 S. W. 1243; Riske v. Rotan Grocery Co., 37 Tex. Civ. App. 494, 84 S. W. 243; Schwartzman v. Cabell, 49 S. W. 113; Railway Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999. As sustaining the proposition that a verdict must not be contradictory, see Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Yeary v. Smith, 45 Tex. 56; Cushman v. Masterson, 64 S. W. 1031; Taylor v. Flynt, 33 Tex. Civ. App. 664, 77 S. W. 964; Stoker v. Fugitt, 102 S. W. 743; Goldstein v. Heflin, 174 S. W. 891.

The statute requires railway companies to designate their depot grounds before constructing their roads. R. S. arts. 6550 and 6551. Had the jury simply answered "Yes" to the first question, it would have been a finding that appellant did designate depot grounds at Hurley. If they meant to find that such designation was in the sense in which that word is used in the statute, there was no necessity for them to say that it was a permanent designation; for in such case the statute makes it permanent by forbidding its change.

[2] What did the jury mean by adding the words "preliminary designation, but not permanent"? Did they mean that the appellant designated such place as a station on its road, with the intention of putting in side tracks and a depot building, but afterwards changed its mind and moved this station 3½ miles to the place where the evidence shows the depot was built, and that therefore such designation was temporary and not permanent? If so, judgment should have been for appellee, for the reason, as above stated, the appellant, under such circumstances, was forbidden by law to make such change.

[3, 4] We cannot look to the evidence, unless it is uncontradicted, to see what the jury ought to have found in order to determine what they did find. But when a verdict is apparently not clear, we may look to the evidence to determine that it is in fact ambiguous. It was the contention of appellant, supported by its evidence, that it never designated Warren Siding or Hurley as a depot, in the sense in which that word is used in that statute, but that the only sense in which it designated it as a station was that it was suggested as such, and so placed upon its preliminary map, as a place probably suitable for

a depot, and so reported to its chief officers, but that they after investigation decided not to designate that place as a depot or station. If the jury meant to find this contention to be true, then there was never any legal designation of depot grounds at Hurley. Which did they mean? Quien sabe? We cannot tell.

The answer to the second question, to say the least of it, is not clarifying; and the answer to the fourth question renders obscurity doubly obscure.

[5] The questions propounded were calculated to lead to obscurity and contradictory answers. There were but two issues in this case, and these were whether or not appellant, prior to the construction of its road, designated depot grounds at Hurley, and, if so, was the order of the commission fixing the amount to be expended by appellant in providing a suitable building unreasonable and unjust to the appellant? But one question as to the designation of such depot grounds should have been propounded, together with such explanation as was necessary to enable the jury to intelligently answer the question, and no answer should have been received, except a direct answer, "Yes" or "No."

[6] There was no error in the explanation given by the court in connection with the first question, as to what was meant by Hurley and as to what was meant by depot grounds. The undisputed evidence shows that Warren Siding or Muleshu and Hurley are separated only by the railroad track, and that for the purpose of this case they are one and the same place.

[7] Appellant assigns error on the admission of a map issued by the immigration department of the Santa Fé system, and which shows Hurley as a station on appellant's road. The only objection to this map which we deem it necessary to notice is that a map issued by the Atchison, Topeka & Santa Fé Railway system is no proof of the location of a station on the road of the Pecos & Northern Texas Railway, the appellant herein. So far as we can gather from the record, the Pecos & Northern Texas Railway Company, while operating under a separate charter, is in fact a part of the Atchison, Topeka & Santa Fé Railway, and was in fact, if not in name, built and is owned by the latter railway company. If such is the fact, we think the map in question was admissible in evidence.

[8] There was no error in that portion of the court's charge which, in effect, instructed the jury that the burden was on appellant to show by "clear and satisfactory evidence" that the order of the Railroad Commission as to the cost of the depot ordered to be erected at Hurley was unreasonable and unjust to appellant. This is the language of the statute. R. S. art. 6658; R. R. Commission v. Galveston, 105 Tex. 101, 145 S. W. 573.

[9] "Depot grounds," as that expression is used in the statute, is synonymous with "station." Hill v. Railway Co., 75 S. W. 876; Railway Co. v. Thornsberry, 17 S. W. 523; 13 Cyc. 1041; Words and Phrases, vol. 7, p. 6644.

We do not deem it necessary to specifically discuss the remaining assignments of error. They have been considered and are overruled.

For the reason that the verdict is ambiguous and contradictory, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.