Ramey & Davidson, of Sulphur Springs, for appellant.

Sam D. Stinson, State's Atty., of Austin, Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The possession of equipment for the manufacture of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The evidence is definite and conclusive to the point that the appellant possessed a still, mash, and other apparatus for the manufacture of intoxicating liquor.

Against the indictment appellant urges the same matters that are presented by him in the companion case, No. 10000, 290 S. W. 541, this day described. A discussion of the point raised and citation of authorities therein and the conclusion reached are applicable to the present contention. For the reasons there stated the objection to the indictment is overruled.

[1] Some special charges complain of the failure of the court to submit a special plea of former conviction, but we fail to find any evidence upon the subject.

[2, 3] Bill of exceptions No. 2 reflects the action of the court upon a preliminary motion made by the appellant to suppress the evidence of certain officers who, it is charged in the motion, searched his premises without legal authority and thereby possessed criminating facts which were used against him upon the trial. The procedure attempted is not recognized as a practice applicable to our jurisprudence. The explanation of the bill seems to elminate the question, but aside from that, the proper time to oppose the introduction of the testimony which the accused deems inadmissible against him is when it is offered. If proffered testimony against him be admitted over his objection, he can invoke a review of the action of the court by preserving a record of the matter in a bill of exceptions. In the present case there seems to have been no exception to the introduction of the tesfimony. The action of the court in failing to sustain the preliminary motion raises no question for review.

The judgment is affirmed.

On Motion for Rehearing.

LATTIMORE, J. [4] Appellant insists that there is in the record an affirmative showing of the fact that he was under arrest at the time the grand jury which returned the bill herein was organized. Investigating the part of the record to which appellant refers us, we find that the only showing appears to be in the bill of exceptions, and that part of same to which appellant particularly points is merely a statement of the objections made by appellant. This court has repeatedly held that the statement of objections carries with it no certificate of the truth of the facts so stated. We are unable to agree with this contention of the appellant.

Upon the point that the court erred in the matter of his plea of jeopardy, appellant also states that the record abounds with evidence showing that the transaction and offense for which he was upon trial here is the same as the one for which he was tried in cause No. 10000. We have again examined the record and are unable to agree with this proposition. Appellant was on trial in cause No. 10000 for the manufacture of intoxicating liquor. He is on trial here for the possession of a still, mash, etc., for the purpose of manufacturing liquor. We are unable to find any showing in the record that he was convicted in the former case for the identical act and transaction here charged.

The motion for rehearing will be overruled.

---

## NORTHERN TEXAS TRACTION CO. v. ARMOUR & CO. (No. 11190.)

(Court of Civil Appeals of Texas. Fort Worth. June 13, 1925. Rehearing Denied Jan. 22, 1927.)

1. **Street railroads** ⊜119—**Special findings as to proximate cause and contributory negligence held too inconsistent to support judgment for injury to truck by street car.**

Jury's finding, in action for collision of street car with plaintiff's truck, that act of plaintiff's driver in not stopping before passing into path of street car was a proximate cause of collision, *held* so inconsistent with its finding that he was not guilty of contributory negligence in driving onto the avenue before the street car passed that judgment for plaintiff could not stand.

2. **Street railroads** ⊜118(11)—**Instruction to consider right of way ordinance, in determining contributory negligence of driver of truck colliding with street car, held not misleading.**

Instruction, in action for collision of truck with street car running on north and south avenue, that in determining whether plaintiff's driver, in exercise of ordinary care, should have gone onto the avenue before the car had passed, jury should bear in mind the ordinance giving vehicles and cars traveling in a northerly or southerly direction right of way over those going in an easterly or westerly direction, *held* favorable to defendant, and not confusing or misleading to its injury.

3. **Evidence** ⊜489—**"Market value" of parts of truck not destroyed by collision may be shown by qualified witnesses without contemporaneous sales.**

Though there may not be a fixed market value for parts of truck not destroyed by collision, such as is established by contemporaneous sales of like property in the way of ordinary business, as in case of merchandise bought and sold, "market value" may be shown by wit-

nesses qualified to give estimate (citing Words and Phrases, Second Series, "Market value").

**4. Appeal and error ⟨⟩218(2)—Objection to special issues on account of their form may not be raised on appeal for first time.**

Special issues may not be objected to on appeal on account of the form in which they were worded, not having been objected to below.

**5. Trial ⟨⟩350(6)—In view of evidence only of negligence and contributory negligence, refusal to submit issue of inevitable accident held proper.**

Refusal to submit issue of inevitable accident was proper, no testimony being introduced tending to show that collision resulted from some unknown cause, or in an unexplainable manner, or by reason of circumstances different from those relied on by the parties as constituting negligence, contributory negligence, or both.

**6. Appeal and error ⟨⟩1053(2)—Any error in admission of evidence held cured by exclusion and direction not to consider.**

Even if evidence of controversy as to fare between passenger and conductor just before collision of car with truck was not admissible relative to failure of motorman to keep proper lookout, it was not of such prejudicial nature that error was not cured by its exclusion and direction not to consider.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Armour & Co. against the Northern Texas Traction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Certified questions answered by Supreme Court, 288 S. W. 145.

Slay, Simon & Smith, of Fort Worth, for appellant.

Mastin & Tolbert, of Fort Worth, for appellee.

DUNKLIN, J. The Northern Texas Traction Company has appealed from a judgment against it in favor of Armour & Co. for the sum of $750, as damages done to a motor truck owned by plaintiff resulting from a collision between the truck and one of defendant's street cars. The accident happened on Evans avenue, in the city of Fort Worth, near the point of intersection of that street with Davis street. Evans avenue runs north and south, and Davis street runs east and west. Immediately prior to the accident, Josh Pressley, plaintiff's driver of the motor truck, was driving the truck along Davis street in an easterly direction until he reached Evans avenue, when he turned onto the latter street in a southerly direction. A grocery store was located at the southwest corner of the intersection of the two streets. On the east side of the grocery store several automobiles were parked in front of and so near the sidewalk that, in order to pass around them, it became necessary for Pressley to drive the truck onto the street car track, and, while on the track, one of defendant's street cars, which was traveling in a northerly direction along Evans avenue, collided with the truck and virtually demolished it. The collision occurred a short distance south of the intersection of the two streets.

The case was tried before a jury who returned a verdict upon special issues submitted by the court.

The jury found that when the motorman operating the street car first began to apply the air brakes after discovering the danger of the collision, the street car was traveling at the rate of 25 miles an hour, and that in so operating the car he was guilty of negligence which was the proximate cause of the collision. The jury further found that, when the street car collided with the motor truck, it was traveling at the rate of 12 miles an hour, and that the motorman was guilty of negligence in operating it at that speed, which negligence was the proximate cause of the collision. There was a further finding that after the motorman in charge of the street car discovered the danger of the collision, he exercised ordinary care to use all of the means at his command consistent with the safety of the street car and passengers riding thereon to avoid the collision. That finding was upon the issue of negligence after discovered peril, which was presented in plaintiff's petition.

The issues of negligence of the motorman operating the street car submitted to and determined by the jury, as shown above, were all presented in plaintiff's pleadings. There were further findings by the jury on issues of contributory negligence on the part of Josh Pressley, the driver of the motor truck, which issues were tendered by the defendant in its pleadings. One of those findings was to the effect that prior to and upon the occasion of the collision the driver of the motor truck did not operate the same in such a reckless and indifferent manner as to reasonably endanger the lives or property of the citizens of Fort Worth. That issue was submitted in the language of an ordinance of the city, which was pleaded by defendant and which prohibited the operation of such a vehicle in that manner.

Special issue No. 11, with the finding of the jury thereon, was as follows:

"No. 11. The revised ordinances of the city of Fort Worth provide:

"'All vehicles and street cars going in a northerly direction or southerly direction shall have the right of way over all vehicles and street cars going in an easterly and westerly direction.'

"Bearing in mind the terms and provisions of the ordinance immediately above quoted, you will answer the following question:

---

"Question. Do you find from the evidence that plaintiff's truck driver upon the occasion of the collision, in the exercise of ordinary care on his part, as that term has been hereinbefore defined for you, should not have driven the truck into Evans avenue until the defendant's street car had passed him? Answer. No."

The jury further found that, after plaintiff's motor truck had been driven onto Evans avenue and before the collision occurred, it was traveling at the rate of 8 miles an hour, which was not a negligent rate of speed, and that the operation of it at that rate of speed was not the proximate cause of the collision.

Following are further special issues with the findings of the jury thereon:

"No. 18. Question. Was Josh Pressley, the driver of the automobile truck, just prior to the collision, exercising ordinary care as that term is hereinabove defined, to keep a lookout to the south on Evans avenue? Answer. Yes.

"No. 20. Question. Do you find from the evidence that the failure, if any, of Josh Pressley to stop the motor truck in question before it passed out into the path of the street car was a proximate cause of the collision in question? Answer. Yes. ·

"No. 21. Question. Do you find from the evidence that the stopping of the automobile truck by its driver, Josh Pressley, in the path of the street car was negligence, as that term has been defined for you hereinbefore? Answer. No.

"No. 24. If you have answered special issue No. 11 in the affirmative, then you need not answer this question, but if you have answered same in the negative, then answer this question:

"Question. Do you find from the evidence that the failure, if any, on the part of the driver of the motor truck to wait for the street car in question to pass by Davis street to the north thereof, before driving the motor truck out into the path of the street car coming north on Evans avenue, was a proximate cause of the collision in question? Answer. Yes.

"No. 25. The revised ordinances of the city of Fort Worth provide:

" 'A vehicle turning to the right into another street shall turn the corner as near to the right-hand corner as possible.'

"Bearing in mind the terms and provisions of the ordinance immediately above quoted, you will answer the following question:

"Question. Do you find from the evidence that the driver of the motor truck, when he turned from Davis street into Evans avenue, failed to turn the corner as near to the right-hand corner as possible? Answer. No."

The term "ordinary care" was defined in the first paragraph of the court's charge; the term "negligence" in the second paragraph; the term "contributory negligence" in the third paragraph; and the fourth paragraph of the charge reads as follows:

"By 'proximate cause,' as that term is used in this charge, is meant the efficient and moving cause without which the injury in question would not have occurred; that is, an act be-comes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act in question and ought to have been foreseen in the light of the attendant circumstances.

"Bearing in mind the foregoing definitions and instructions, you will, from the evidence, true answer make to the following questions:"

Then follow the special issues submitted.

[1] The finding in answer to special issue No. 20, that the failure of Josh Pressley to stop the motor truck before it passed out into the path of the street car was the proximate cause of the collision, when read in connection with the definition given by the court of "proximate cause," and the instruction to bear in mind that definition in answering the special issues, was, in effect, a finding that such failure on the part of Pressley was an efficient and moving cause of the collision, without which the same would not have occurred; that the collision was a natural and probable consequence of such failure on his part and ought to have been foreseen by him in the light of attending circumstances. That finding was wholly inconsistent with the finding in answer to issue No. 11 that Pressley was not guilty of negligence in driving the truck onto Evans avenue before the street car had passed him. The finding of the jury in answer to issue No. 24 was substantially to the same effect as the finding on issue No. 20.

By a proper assignment of error appellant insists that the judgment should be reversed by reason of those conflicting or, at least, ambiguous and uncertain findings on the issue of Pressley's contributory negligence in failing to wait until the street car had crossed Davis street before he drove the truck on to the track. Pressley testified that before he attempted to drive around the automobiles parked in front of the grocery store he saw the street car approaching; and the evidence showed without controversy that it was then running down grade and at a rapid rate of speed, which the jury found to be 25 miles an hour. We have reached the conclusion that the assignment of error now under discussion should be sustained.

In Moore v. Moore, 67 Tex. 293, 3 S. W. 284, Justice Gaines, in sustaining an assignment to the verdict of a jury by reason of the uncertainty as to what the jury really intended to find, had this to say:

"As to the true construction of such a verdict, neither the lower court nor this court is permitted to speculate. The verdict must find all the issues made by the pleading in language which does not admit of mistake. It should be the end and not the continuation of the controversy."

In G., C. & S. F. Ry Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999, the following was said:

"It is not difficult to make verdicts express the conclusions of the jury; and while they

may be liberally aided by the contents of the record, and enforced when, if so aided, there can be no uncertainty as to the intention of the jury, mere conjecture cannot be resorted to."

In Pecos & N. T. Ry. Co. v. Railroad Commission (Tex. Civ. App.) 193 S. W. 770, the court said:

"In. order to support a judgment, a verdict, taken as a whole, must be plain in its meaning and not inconsistent in its findings upon material facts" (citing several other decisions).

To the same effect are the decisions in Pickrell v. Imperial Petroleum Co. (Tex. Civ. App.) 231 S. W. 412; Riske v. Rotan Gro. Co., 37 Tex. Civ. App. 494, 84 S. W. 243; Smith v. Tucker, 25 Tex. 594; Mays v. Lewis, 4 Tex. 38.

[2] The instruction to the jury that, in determining whether or not plaintiff's truck driver, in the exercise of. ordinary care, should have driven the truck onto Evans avenue before the street car had passed, they should bear in mind the provisions of a city ordinance giving to vehicles and street cars traveling in a northerly or southerly direction the right of way over all vehicles and street cars going in an easterly or westerly direction was favorable to appellant, and we fail to perceive how it could have tended to confuse or mislead the jury to the appellant's injury.

[3] Although there may not have been a fixed market value for those parts of the truck that were not destroyed by the collision, such as is established by contemporaneous sales of like property in the way of ordinary business, as in the case of merchandise bought and sold, yet the proof showed that they had some market value, and we overrule the assignments addressed to the admission of testimony of different witnesses to prove such value over the objection · that those witnesses were not qualified to give their estimate. C., R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Standard Oil Co. v. So. Pac. Ry. Co., 268 U. S. 146, 45 S. Ct. 465, 69 L. Ed. 890. Also, see decisions cited in 3 Words and Phrases, Second Series, page 304.

[4] Appellant has cited L. N. A. & C. Ry. Co. v Whitesell, 68 Ind. 297, in support of its contention that the negative answer of the jury to issue No. 11 was too indefinite to constitute any finding at all, in view of the question submitted:

"Do you find from the evidence that plaintiff's truck driver * * * should not have driven the truck on to the Evans avenue until defendant's street car. had passed him?"

In the Indiana case the question submitted to the jury was:

"Do you find the plaintiff was without fault, and guilty of no contributory negligence?"

—and the jury answered "No."

Referring to the question and answer, the Indiana court said:

"The interrogatory being in the negative form, and the answer in the negative also, leave the question and. answer, when taken together, simply equivalent to no finding at all. * * * The plain meaning is that the jury do not find at all upon these questions."

In the present case practically all the issues were submitted in like form to issue No. 11, and appellant did not object to any of those issues on account of the form in which they were worded. Under such circumstances, appellant is in no position to raise that objection in this court for the first time. Borden v. Pelipchyk (Tex. Civ. App.) 243 S. W. 1109. Furthermore, viewing the findings of the jury as a whole, read in the light of all the issues submitted, we do not believe that the assignment now under discussion should be sustained in any event, although we are impressed that such issues should be so worded as to avoid the objection now under discussion.

[5] Nor do we believe that the court erred in refusing appellant's request for the submission of the issue as to whether or not the collision was an unavoidable accident. Appellant has cited several decisions in support of its contention that that issue should have been submitted, such as Magnolia Petroleum Co. v. Ray (Tex. Civ. App.) 187 S. W. 1085; Colo. & So. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; G. H. & S. A. Ry. v. Gormley (Tex. Civ. App.) 35 S. W. 489; G. H. & S. A. Ry. v. Washington, 94 Tex. 510, 63 S. W. 534; K. C., M. & O. Ry. v. Swift (Tex. Civ. App.) 204 S. W. 135; Northern Texas Traction Co. v. Adams (Tex. Civ. App.) 241 S. W. 275. We believe this case is easily distinguishable from those cited, and that it is controlled by the principles announced in Boyles v. McClure, 243 S. W. 1080, by the Commission of Appeals, and Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733. The issues of negligence and contributory negligence submitted to the jury excluded the theory of inevitable accident which could be urged under any of the facts proved. In other words, no testimony was introduced tending to show that the collision resulted from some unknown cause, or in a manner which cannot be explained, or by reason of circumstances different from those relied upon by the parties as constituting negligence of the defendant or contributory negligence of plaintiff or the combined negligence of both, as was true in those cases cited by appellant in which it was held that the issue of unavoidable accident should have been submitted to the jury.

[6] The testimony of witness Miss Massingale as to the controversy between the motorman and a passenger with reference to the payment of a fare just prior to the collision

and while the car was approaching the place of the accident was excluded by the court after it was admitted, and we cannot say that it was of such a prejudicial nature as to require a reversal of the judgment, notwithstanding the court's instruction to the jury not to consider it for any purpose. Nor are we prepared to say that such testimony did not reasonably tend to show that the motorman operating the street car, by reason of that controversy, failed to keep a proper lookout for other vehicles which might probably be on the street car track in the direction he was going.

Error has been assigned to the refusal to submit two other requested issues which will not be further referred to, since we think they were sufficiently covered by the issues that were submitted.

For the error pointed out above, the judgment of the trial court will be reversed and the cause remanded.