### GARLITZ v. INTERNATIONAL-GREAT NORTHERN RY. CO.  (No. 12075.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 24, 1928.

J. W. Stitt, of Forth Worth, for appellant.

Thompson & Barwise and E. A. Compton, all of Fort Worth, for appellee.

CONNER, C. J. The appellant, F. Garlitz, instituted this suit in a justice court to recover damages of the appellee railway company. We do not have before us the pleadings nor the issues as presented in the justice court, but it seems that without exception of any kind the plaintiff sought to recover damages sustained by cattle shipped by him from Oakwood, Tex., to Fort Worth, Tex., on four separate occasions. The first shipment appears to have been on November 2, 1925; the second on November 22, 1925;

the third on December 9, 1925; and the fourth on January 13, 1926. The plaintiff recovered a judgment in the justice court, and the railway company appealed to the county court, where there was a trial de novo, and the case was submitted to a jury on special issues. We copy the special issues which relate to the shipment of November 2, 1925:

"1. In the shipment in question of November 2, 1925, did the defendant I & G. N. Railway Company, its agents, servants or employees, operate its train in a reckless and careless manner between Oakwood, Texas, and Fort Worth, Texas? Answer: No.

"2. If you have answered the foregoing question in the negative, you need not answer this question, but if you have answered same in the affirmative, then state: Was such handling negligence, as that term is used in this charge? Answer: ———.

"3. If you have answered the foregoing question 'No,' then you need not answer this question, but if you have answered same 'Yes,' then state: Was such negligence the proximate cause of the damages to the shipment in question, if any? Answer: ———.

"4. If you have answered the foregoing question 'No,' then you need not answer this question, but if you have answered the same 'Yes,' then state: What was the amount of damages, if any, to the shipment in question? Answer in dollars and cents. Answer: $———.

"5. Was the plaintiff Garlitz guilty of negligence in shipping the cattle in question in the condition they were in, and in the manner of loading them on the occasion in question? Answer: No.

"6. If you have answered the foregoing question 'No,' then you need not answer this question, but if you have answered the same 'Yes,' then state: Was such negligence the proximate cause of the damage in question, as that term is used in this charge? Answer: ———.

"7. Were the injuries, if any, in the shipment of November 2, 1925, of which the plaintiff complains, solely and proximately caused by the inherent vice or natural propensities of the animals in question? Answer: No.

"8. Was the damage, if any, complained of in plaintiff's petition, caused as the sole, direct and proximate result of the cattle in question being too weak or poor, if you have so found that they were, to stand the transportation from Oakwood, Texas, to Fort Worth, Texas, in the shipment of November 2, 1925? Answer: No."

The issues so presented were repeated, differently numbered, for findings on the claims for damages in the shipment of November 2, 1925, and likewise so repeated for the shipments of December 9, 1925, and January 13, 1926. In addition to the issues presented, the court also gave the usual instructions defining ordinary care, negligence, proximate

cause, and charges upon the burden of proof, and the function of the jury in determining the credibility of witnesses and the weight to be given to the testimony.

The findings as to the shipment of November 22, 1925, are to the effect that in the shipment of that day the defendant railway company operated its train in a reckless and careless manner, but that such handling did not constitute "negligence." No other answers were given to the issues relating to this shipment, except to the further effect that the plaintiff was not guilty of negligence in shipping the cattle in the condition they were in, or in the manner of loading them, or the damages occasioned or proximately caused by the inherent vice or natural propensities of the animals.

The issues relating to the shipment of December 9, 1925, were that the railway company, its agents and servants, operated its train in a reckless and careless manner, but that such handling did not constitute "negligence." No other answer was given except to the effect that the damages to the shipment of December 9th was not caused by the inherent vice or natural propensities of the animals, or because of their being too weak or poor.

The issues relating to the shipment of January 13, 1926, were to the effect that the railway company, its agents, servants, or employees, operated the train in a reckless and careless manner, and that such handling constituted negligence which was the proximate cause of the damage, amounting to $105.77, but further answered that plaintiff was guilty of negligence in shipping the cattle in question in the condition they were in and in the manner of loading them on that occasion, which negligence was the proximate cause of the damage done, but further found that the damage was not proximately caused by the inherent vice or natural propensities of the cattle, or because of their weak and poor condition.

Upon the verdict so rendered, the court entered his judgment in favor of the defendant railway company, and plaintiff has appealed.

Regardless of the sufficiency of plaintiff's objections to the charge of the court, we think it apparent from the face of the record that the findings as a whole are so conflicting, ambiguous, and uncertain in character as that no judgment should have been entered thereon. In the case of Pecos & N. T. Ry. Co. v. Railroad Commission of Texas (Tex. Civ. App.) 193 S. W. 770, it is said: "In order to support a judgment, a verdict, taken as a whole, must be plain in its meaning and not inconsistent in its findings upon material facts." In support of the proposition stated, the following cases were cited: Moore v. Moore, 67 Tex. 293, 3 S. W. 284; Brown v. Horless, 22 Tex. 646; Aultman v. Cappleman, 36 Tex. Civ. App. 523, 81 S. W. 1243;

Riske v. Rotan Grocery Co., 37 Tex. Civ. App. 494, 84 S. W. 243; Schwartzman v. Cabell (Tex. Civ. App.) 49 S. W. 113; Gulf, C. & S. F. Railway Co. v. Hathaway, 75 Tex. 557, 12 S. W. 999. As sustaining the proposition that a verdict must not be contradictory, the court cited Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Yeary v. Smith, 45 Tex. 56; Cushman v. Masterson (Tex. Civ. App.) 64 S. W. 1031; Taylor v. Flynt, 33 Tex. Civ. App. 664, 77 S. W. 964; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Goldstein v. Heflin (Tex. Civ. App.) 174 S. W. 891. See, also, N. Tex. T. Co. v. Armour & Co., 290 S. W. 545, by this court; Dallas Ry. Co. v. Speer, 299 S. W. 507, by the Dallas Court of Civil Appeals.

The evidence raised the issue of negligence on the part of the carrier, and the decisions relating to the duty of the carrier in such cases are exhaustively reviewed in the case of Davis v. Sullivan & Opry (Tex. Com. App.) 258 S. W. 157. The charge now under consideration contains approved definitions of ordinary care and negligence, and in addition thereto submitted the issue of whether the railway company operated its train "in a reckless and careless manner." The term "careless" alone implies negligence, while a "reckless operation" of a train implies something more than mere carelessness or a want of ordinary care. See Webster's approved definition of those terms.

The double charge, as shown in special issues 1 and 2 above quoted, seems to have confused the jury, for in answering the same two issues relating to the shipment of November 22d, it is to be seen that the jury answered that the railway train was operated in a "reckless and careless manner," and at the same time, in immediate connection therewith, answered that such handling did no constitute negligence. The same answers were given by the jury to the same issues relating to the shipment of December 9th; which to the same issues relating to the shipment of January 13th the jury answered that the train was operated in a reckless and careless manner, and that it amounted to negligence, as the term was defined in the charge. There was no finding of any specific amount of damage done to the cattle in any shipment, except in the issues relating to the shipment of January 13, 1926, as to which, however, the jury answered that the plaintiff himself was guilty of negligence which was the proximate cause of the damage. It seems evident, on the whole, that the court concluded that in the case of no one of the shipments were the findings such as to authorize a judgment for the plaintiff, and it would be apparently so; but because of the inconsistencies and contradictions in the jury's findings that we have endeavored to point out, we think the jury must have been confused, and we do not feel satisfied to approve the judgment as rendered with findings in such a condition.

There is a further complaint in behalf of appellant, to the effect that there was misconduct on the part of the jury, but regardless of the sufficiency of the bill of exception presenting the question, we deem it now immaterial, in view of our conclusion that the case should be reversed because of the ambiguity and contradictions in the jury's findings, as above pointed out.

The judgment below is accordingly reversed, and the cause is remanded for a new trial.