## A. JONES TAYLOR ET AL. v. W. Q. FLINT ET AL.

Decided November 24, 1900.

**Trial by Jury—Peremptory Charge—Conflicting Evidence.**

Where a jury has been impaneled the court has not the right, by peremptorily instructing a verdict, to decide the cause against either party, if there is any legal evidence tending to establish his cause of action or defense.

APPEAL from Wilbarger.   Tried below before Hon. G. A. BROWN.

*Snodgrass & Britt,* for appellants.

*J. R. Tolbert* and *Frost, Neblett & Blanding,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—The controversy in this case arises over 200 acres out of a 310-acre tract of land claimed by appellants as their homestead.   They desired a loan of $2000 on the 110 acres overplus, but the agent of the loan company suggested that the company would not loan that much on it, but to make a conveyance of the whole 310 acres to R. S. Taylor, the father, and let him apply for the loan, and when obtained, the land could be reconveyed to appellants, they assuming the debt.   Appellants occupied the land as a country homestead at the time and for some time after the loan was made,—never having surrendered possession to anyone,—but were afterwards dispossessed by writ of sequestration.

The appellees sued appellants to recover the land, and in reply to the answer of appellants setting up the homestead right to 200 acres of it, the appellees pleaded that Kerr, the agent of the loan company who took the application, fraudulently combined and confederated with Taylor and wife to cheat, swindle, and defraud his company, and with that motive and intent advised the simulated conveyance aforesaid, the company having no knowledge of the homestead claim or of the simulated character of the transaction, and that by reason of this fraudulent

combination between appellants and their said agent whereby the loan was obtained, the appellants were estopped from claiming the land as homestead, etc.

Kerr, in his testimony, denies the fraud on his part; denies that he advised any simulated conveyance; denies that appellants occupied the land at the time he made the loan or took the application therefor, and states that they had conveyed the land to R. S. Taylor and moved west, and that it was not their homestead at the time he took the application. He says he refused to make the loan at first because it was homestead, but after appellants sold and conveyed it and moved away he then took the application and recommended the loan; that he would not have made the loan if he had known the conveyance was simulated, or that it was homestead. Appellants testify that Kerr did suggest the conveyance and deny that they had moved from the premises, and their evidence tends to establish that the agent Kerr suggested the scheme of conveying to the father in order to get the premises in shape that a loan could be made on it. The evidence was therefore conflicting on the question of the agent's fraud against his principal, and is somewhat similar in facts to the case of Building Association v. Dailey, 17 Texas Civil Appeals, 38.

With the evidence thus conflicting, the learned district judge peremptorily charged the jury to return a verdict in favor of appellees, which was accordingly done, and the appellants have brought the case here on a statement of facts and error assigned on the charge.

In all such cases "the jury are the exclusive judges of the facts proved, and of the weight to be given to the testimony." The courts of this State have no right to decide causes against either party on the facts where a jury has been impaneled, if there is any legal evidence tending to establish his cause of action or defense. Bowman v. Brewing Co., 17 Texas Civ. App., 446; Shifflet v. Railway, 18 Texas Civ. App., 57; Gaunce v. Railway, 20 Texas Civ. App., 33.

For the error in the court's charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*