## A. JONES TAYLOR ET AL. v. W. Q. FLYNT ET AL.

### Decided February 15, 1902.

**1.—Principal and Agent—Fraud—Notice—Loan on Homestead.**

Bad faith towards a loan agency on the part of its agent in negotiating a loan was not sufficient to shield it from the consequences of the agent's knowledge of the homestead character of the property, where it was not shown that the borrowers were aware of the agent's purpose to deceive his principal, or themselves entertained a like purpose, or in some manner made him their agent to secure the loan.

**2.—Married Woman—Fraud—Loan on Homestead—Acknowledgment.**

Where a married woman is fraudulently induced to execute a deed of her homestead by false representations of the vendee that the homestead was not included therein, the latter will not be heard to urge that the fraud was cured by the act of the officer taking her acknowledgment in explaining the deed to her, from which she should have discovered the fraud, unless he shows that the fraud was actually disclosed to her thereby.

**3.—Sequestration—Replevy by Plaintiff—Measure of Liability—Rents.**

Where a plaintiff has, by sequestration and replevy thereunder, obtained possession of the defendant's land, he is required by the statute, where the

judgment goes against him, to account for "the fruits, hire, rent, and revenue" of the property, and it is error for the court in such a case to reject proof of the amounts of the rents actually received by him and to limit his liability to the rental value of the land. Rev. Stats., art. 4880.

4.—Trespass to Try Title—Mortgage—Title in Trust.

That defendant's title deeds were prior in point of time did not preclude plaintiffs from recovery where the patent to the land under which both parties claimed, though issued to another person, was obtained by him in trust for plaintiffs, and this was disclosed in the mortgage by the patentee under which defendant claimed through foreclosure sale.

Appeal from Wilbarger. Tried below before Hon. G. A. Brown.

*Snodgrass & Britt,* for appellants.

*Frost, Neblett & Blanding* and *J. R. Tolbert,* for appellees.

STEPHENS, Associate Justice.—This is the second appeal in this case. On the first trial the court gave a peremptory instruction, and for this reason the judgment was reversed. Taylor v. Flynt, 59 S. W. Rep., 1126. The issues were submitted to the jury on the last trial, but in such manner, we think, as to again require the judgment to be reversed. One material error complained of is found in the fifth paragraph of the charge: "I also instruct you, if you find from the testimony that F. S. Kerr knew the land in controversy was the homestead of defendants and that the Texas Loan Agency would not loan defendants money on their homestead, and that, to enable defendants to procure the money on their said homestead, the said F. S. Kerr and A. Jones Taylor and wife caused a fictitious deed thereto to be made by the said A. Jones Taylor and wife to R. S. Taylor, with the intention on the part of the said F. S. Kerr to thereby deceive the Texas Loan Agency and thus procure said agency to make said loan without a knowledge of defendants' said homestead rights in and to said land, then the Texas Loan Agency can not be charged with the said F. S. Kerr's knowledge of defendants' homestead, nor of his knowledge of the character of such fictitious deed, and in such case you should find for plaintiff, although you find that A. Jones Taylor then intended to fully pay the Texas Loan Agency's debt with interest as contracted by R. S. Taylor."

In the sixth assignment of error the objection to this charge is thus sufficiently stated: "Because the charge makes Taylor and wife's right to recover depend upon F. S. Kerr's intentions and purposes alone, without Taylor's knowledge thereof, and without Taylor acting and colluding with Kerr in his intentions to deceive the said Texas Loan Agency." The eighth paragraph came very near curing this defect, but did not quite do so. While in general terms one clause of this paragraph appeared to do so, it was neutralized by what followed it. Running through the fifth, sixth, and eighth paragraphs was the erroneous idea, which seems to have been in the mind of the judge who prepared

the charge, that bad faith towards the Texas Loan Agency on the part of its agent in negotiating the loan was itself sufficient to shield the company from the consequences of such agent's knowledge of the homestead character of the property. Unless the Taylors were aware of his alleged purpose to deceive the principal, or themselves entertained a like purpose, or in some manner made him their agent to procure the loan, it matters not that Kerr may have had such purpose. His knowledge would still be the knowledge of his principal. But if the learned judge did not entertain the view as suggested, the charge nevertheless admitted of the construction we have given it, or at least had such a tendency in that direction as to be misleading. Read as a whole, the three paragraphs mentioned made quite prominent the view that the evil intent of Kerr was the one essential feature to be considered by the jury, and thus had a tendency to impress them with the idea that collusion, that is, fraudulent co-operation on the part of A. Jones Taylor, was not important.

We are also of opinion that the special instruction complained of in the fifth assignment of error should not have been given, as there was nothing in the evidence calling for such a charge, and if applied to the facts of this case it embodied an erroneous proposition, to the effect that a married woman who has been induced to execute a deed to her homestead upon the false and fraudulent representations of the grantee that the land described in the deed did not include the homestead, is without remedy, merely because the deed was afterwards explained to her by the officer taking her privy acknowledgment. It does not lie in the mouth of such fraudulent vendee, or of a vendee availing himself of such fraud, to say that the married woman ought to have discovered the fraud when the officer explained the deed to her. He would have to go further and show, which was not done in this case,—or rather not required by this charge,—that the fraud was disclosed to her by such explanation, and that being thus undeceived she executed the deed.

We are further of opinion that the court erred in confining the pleadings to the rental value of the land sequestrated and replevied by appellee Flynt, plaintiff below, and in not allowing proof of the amount or value of the rents actually received by Flynt. Rev. Stats., arts. 4880, 4881. It could not have been the purpose of the Legislature in adopting these articles of the statute to have them so construed as to allow a plaintiff who replevies the property of the defendant to make a profit by so doing. He is required to account for "the fruits, hire, revenue, and rent" of the property, and is liable to a judgment for "the value" thereof.

In answer to all the assignments of error, counsel for appellees submit the counter proposition, that no judgment could have been rendered in favor of appellants because appellee Flynt deraigned title from the sovereignty of the soil through patent issued to R. S. Taylor and the foreclosure sale and conveyance by trustee under deed of trust from R. S. Taylor to Texas Loan Agency, while A. Jones Taylor and wife

failed to show any title in themselves, in that they failed to show that Capps, who conveyed the land to them originally, had any title, and the deed from E. S. Taylor to them was subsequent in date to the trust deed. This proposition seems to have been conceived when the case was submitted on oral argument and was evidently an afterthought, due doubtless to the fact that counsel had forgotten what was in the statement of facts. The very deed of trust under which Flynt deraigned title showed on its face that it was made in part to raise money to pay what was due the State for this land, and the money borrowed was afterwards so applied, whereupon the patent issued. It was proven, or there was evidence tending to prove, that R. S. Taylor had no interest whatever in the land, and that in executing the deed of trust and "paying the land out" and obtaining a patent from the State, he was acting for A. Jones Taylor and wife, who had conveyed the land to him for that purpose, and to whom he reconveyed it.

For the errors pointed out in the charge the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Hunter, Associate Justice, did not sit in this case.