## A. JONES TAYLOR ET AL. v. W. Q. FLYNT.

Decided December 5, 1903.

**1.—Homestead—Simulated Transfer to Obtain Loan—Fraud of Agent—Special Issues.**

Defendants, acting upon the suggestion of the local agent of a loan company, and in order to obtain a loan upon homestead property, conveyed it, without consideration, to a third party, who obtained the loan and was to reconvey the property. In an action brought by a purchaser of the property under the trust deed given to secure the loan defendants asserted their homestead rights, and the case having been submitted on special issues, the jury found (1) that defendants made a fictitious and simulated deed of the property to such third party for the purpose of deceiving the loan company and procuring in that way a loan that would not otherwise have been made; (2) that the local agent helped and aided defendants in the transaction, and had notice of the facts; (3) that such deed to the third party was for the purpose only of divesting the homestead character of the property so as to get it in shape to secure the loan. Held, that such findings were contradictory, ambiguous and uncertain, and did not authorize a judgment for the plaintiff.

**2.—Same—Notice to Principal—Knowledge of Agent—Fraud.**

The loan company would be exempt from notice because of the knowledge of its agent only in case there was a purpose to deceive and defraud to which the agent was a party, and this would involve the idea that the agent and defendants knew, at the time, that the security was a nullity, and that the loan company was to be kept in ignorance of the true facts and thereby deprived of security.

Appeal from the District Court of Wilbarger. Tried below before Hon. A. H. Carrigan.

*D. R. Britt* and *H. Snodgrass,* for appellants.

*Frost & Neblett* and *J. R. Tolbert,* for appellee.

CONNER, ASSOCIATE JUSTICE.—For the third time this case is before us. On the first appeal the judgment of the trial court was reversed because the jury were peremptorily instructed to find for appellee Flynt. See 24 Texas Civ. App., 394, 59 S. W. Rep., 1126. On the second appeal the judgment was reversed because of error in the submission of the issues to the jury. See 28 Texas Civ. App., 219, 67 S. W. Rep., 347. The statements of the facts in the reports cited enable us to now refer to them very briefly.

Appellee Flynt claims the 130 acres of land in controversy by virtue of a deed from the Texas Loan Agency, said agency having acquired its title, if any, by a trustee's sale and deed to it made by virtue of a deed of trust executed by one R. S. Taylor on the 7th day of March, 1899. It appears that appellants, A. Jones Taylor and wife, owned 310 acres of land of which 200 acres it is alleged constituted their homestead. A. Jones Taylor, desiring to secure a loan, applied therefor to F. S. Kerr, the local agent of the Texas Loan Agency, and was informed that the desired loan could not be made on less than the entire 310 acres. Kerr suggested, however, that if they, A. Jones Taylor and wife, would convey the 310 acres to R. S. Taylor, that R. S. Taylor could

apply for and secure the loan, and thereafter reconvey the homestead to appellant. Adopting this plan of securing the loan, appellants, on the 4th day of March, 1889, without consideration, executed their deed to the 310 acres of land to R. S. Taylor, who was the father of A. Jones Taylor, and who, on the same day, made written application to said Texas Loan Agency for a loan of $2000, and thereafter executed the deed of trust above named to secure it.

One of the vital issues upon the trial below was whether the Texas Loan Agency had notice of the homestead character of the land in controversy, if it was in fact homestead as claimed by appellants. It is insisted that the loan agency was not effected with Kerr's knowledge of the homestead character, if any, of the land in controversy, for the reason that Kerr and appellants, A. Jones Taylor and wife, conspired together to deceive and defraud the loan agency in the matter of the loan involved.

On the last trial the case was submitted upon special issues requested by the several parties to the action. The eighth and ninth special issues submitted at the request of appellee and the answers of the jury thereto are as follows: "Eighth. Did A. Jones Taylor and wife cause a fictitious or simulated deed to be made by themselves to R. S. Taylor and wife for the purpose of deceiving the Texas Loan Agency and procuring in that way a loan of $2000 on the property which the loan agency would otherwise not have made to them?" To which the jury answered, "Yes." "Ninth. If the above question is answered in the affirmative, then did S. F. Kerr help, aid and have notice of such facts and advise said parties and assist them in procuring the loan from the Texas Loan Agency under such conditions?" To which the jury answered, "Yes."

The fourth special issue, submitted at the request of the appellants, and the answer of the jury thereto, are as follows: "Fourth. Is it not a fact that said deed of March 4, 1889, was made for the purpose *only* of destroying the homestead character in the land, so as to get it in shape to secure the loan of $2000?" To which the jury answered, "Yes."

Appellants insist that these several findings, when considered as a whole, render the verdict of the jury contradictory, indefinite, uncertain and ambiguous, and error is therefore assigned to the rendition of the judgment upon the verdict. We think the assignment must be sustained.

As stated in the opinion by Justice Hunter on the first appeal, the facts in the particular under consideration are similar to those in the case of Peoples Building and Loan Association v. Dailey, 17 Texas Civ. App., 38, 42 S. W. Rep., 364, and the answers of the jury quoted in our judgment render it uncertain whether they intended to find such fraudulent purpose, such collusive acting, on the part of Kerr and the Taylors as will relieve the loan agency of the effect of Kerr's knowledge under well settled rules. See Association v. Parham, 80 Texas,

526; Association v. Dailey, supra, and opinions on former appeals herein.

Mere knowledge on Kerr's part that appellants conveyed their homestead to R. S. Taylor without consideration, to the end that they might thereby procure a loan that they could not otherwise procure, will not relieve the loan company of the legal effect of Kerr's knowledge that the land accepted as security was appellants' homestead, if so it was. The purpose to deceive and to defraud must exist. This involves the idea that Kerr knew and appellants knew, at the time, that the security to the extent of the homestead was a nullity, and that to that extent the loan company would be kept in ignorance of the true facts and thereby deprived of security, and that so knowing the parties named pursued the method adopted for the purpose of thereby illegally obtaining money from the loan company which could not otherwise be obtained. The facts must be such as in legal effect to constitute Kerr the agent of appellants for the purpose intended and secured, otherwise the principal, the loan agency, is liable for the acts of its agent, and the agent's knowledge must be imputed to his principal.

If it be said that the answer of the jury to the eighth special issue submitted at appellee's instance is to be construed as a finding that appellants acted with intent to deceive and defraud the loan company, then such finding seems in conflict with the finding on the fourth issue, submitted at appellants' request, to the effect that the sole purpose of A. Jones Taylor and wife in making the deed to R. S. Taylor on March 4, 1899, was to *destroy* the homestead character of the land in controversy and render such land subject to *secure* the loan in contemplation. Emphasis is given the finding last mentioned by evidence to the effect that some if not all of the parties acted in good faith, believing that by the transmutations of paper title made, the constitutional inhibition against mortgaging the homestead could be avoided. The very form in which the issues were requested and submitted seems complicated. The vital issues we have discussed, if therein presented, seem so involved and incumbered with other facts, some of which were undisputed but upon which findings were required, as to leave us in doubt whether the jury fully understood the issues or the precise import of their verdict thereon. We think all of the material issuable facts should be clearly submitted to the end that no cause shall exist for a misapprehension of the findings of the jury.

The questions urged before us relating to a purchase on appellee's part without notice of appellants' claim are not presented in the pleadings, or so submitted or supported by the findings, as to enable us to dispose of them or give other direction than a reversal of the judgment, which is now ordered.

*Reversed and remanded.*