**KAHN v. COLE et ux.    (No. 641.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 21, 1921.)

**1. Evidence ☞186(6)—On proof of loss of original evidence, carbon copy is admissible.**

Where a warehouseman asserted that the contract of storage was contained in a receipt delivered by him to plaintiffs, and plaintiffs, on being notified to produce, denied having received such receipt, a carbon copy of the original is admissible.

**2. Evidence ☞408(7)—Warehousemen ☞12 —Warehouse receipt containing terms fixes contract, and cannot be varied by parol evidence.**

A receipt, issued by warehouseman, stating the amount of quantity of goods received and also the conditions under which the same are to be stored, is more than a mere receipt, and is in fact a contract fixing the rights of the parties, and parol evidence is inadmissible to vary its terms in absence of fraud or mistake.

**3. Damages ☞105—Evidence of sentimental value attached to family pictures inadmissible.**

In an action against a warehouseman to recover the value of personal property which plaintiffs alleged was unlawfully sold, testimony as to sentimental value of family pictures, etc., is inadmissible.

**4. Trial ☞358—No judgment can be entered on conflicting findings.**

Where the special findings of the jury conflicted, one exonerating defendant of liability and another finding him liable, no judgment can be entered therein.

**5. Appeal and error ☞301—Objection that findings conflicted and did not support judgment fundamental.**

The objection that special findings of the jury conflicted, and so did not support the judgment, presents a question of fundamental error which need not be assigned in the motion for new trial to be available on appeal.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by J. B. Cole and wife against H. C. Kahn. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

C. W. Howth, of Beaumont, for appellant. J. W. O'Neal, of Port Arthur, and Rex G. Baker, of Houston, for appellees.

WALKER, J. This suit was brought by the appellees against appellant to recover

the value of certain personal property which they had stored with him as warehouseman, and which they alleged he had unlawfully sold, in violation of the contract of storage. On the verdict of the jury judgment was entered in their favor for $161.

[1] Appellant answered that he held the goods under a written contract, by the terms of which he was authorized to sell them for storage charges if default was made in payment of same for a period of three months. He testified that this contract was in form of a receipt signed by him and delivered by him to the appellants, but not signed by them. After due notice to appellees to produce the receipt, appellant prepared to offer secondary evidence of its contents. Appellees denied that they had ever received such receipt. The trial court excluded, on motion of the appellees, a typewritten copy of the receipt which appellant testified he had given at the time he received the goods, made, as he claimed, at the same time the original was made, but this copy was not signed by him.

The trial court erred in this ruling. When it was shown that the original of this receipt was not in existence, secondary evidence was admissible to prove its contents, and a typewritten carbon copy, made at the same time with the original, was admissible for that purpose. McDonald v. Hanks, 52 Tex. Civ. App. 140, 113 S. W. 604; Kolp v. Brazer, 161 S. W. 900.

[2] This receipt was material testimony on appellant's defense. The receipt by him of the kind and character of goods set forth in appellant's petition was not a controverted issue, but it was his contention that he held the goods on certain conditions and restrictions as to his rights, and that he had fully performed the conditions of the contract and had sold the goods in strict conformity therewith, and in so doing had incurred no liability to the appellees. No contention is made by appellees that appellant acted beyond the scope of the authority granted him in the receipt which he offered in evidence. We adopt appellant's proposition on the materiality and admissibility of this testimoy, viz.:

"A receipt issued by a warehouseman, stating the amount and quantity of goods received, and also the conditions under which same are to be stored and held, is more than a receipt, and is in fact a contract fixing the rights of the parties, and parol evidence is inadmissible to vary its terms in the absence of fraud or mistake."

Paterson & Co. v. Railway, 126 S. W. 336; Union Storage Co. v. Speck, 194 Pa. 126, 45 Atl. 48; Doyle v. Offutt & Blackburn, 135 Ky. 296, 122 S. W. 156; Southern Bell Telephone Co. v. Smith, 129 Ga. 558, 59 S. E. 215; Leonard v. Dunton, 51 Ill. 482, 99 Am. Dec. 568; Tarbell v. Farmers' Elevator Co., 44 Minn. 471, 47 N. W. 152; Stewart v. Phœnix Furniture Co., 9 Lea (77 Tenn.) 104.

[3] Mrs. Cole testified as to the sentimental value placed by her on a picture of her father and mother and two little girls and on other small articles of very little actual value. She said:

"The value of my pictures would be worth $500 to me, not to have the money, but the feeling that I have for my mother and my little dead son and also the picture of them. It would be worth that much to me the way I am situated. It is the actual value that I placed on those pictures. With regard to the value I place on my mother's picture, well if I had the value of it I would say $500 for that picture, because I was the only child she had. I do not know what my father's picture would be worth, $100 to me anyway. The value of the picture of my two little girls taken together would be about $300, because I haven't got other pictures of them when they were small. * * * I had some bedclothing in there that my little baby died on, and I don't know the value of that. You see it is not the value of the clothes as to what else there was in those household goods that were of especial sentimental value. There was my dead mother's featherbed. * * * I also had the feather pillow that my baby died on, and the pillow case which had a sentimental value. There were other articles besides the pictures of my father and mother and children that had a sentimental value."

This was not the proper measure of damage for the loss of property of this kind. The rule is thus stated by the Supreme Court of Mississippi in Louisville & N. Ry. Co. v. Stewart, 78 Miss. 600, 29 South. 394:

"The court excluded the hearsay testimony of Mrs. Stewart as to the value of the oil portraits, and there was no evidence before the jury as to cost. Nor was there any as to what it would cost to replace or restore them; nor any of any kind except that she was allowed to answer as to what they were worth to her from the associations connected with them, they being family portraits, their purely sentimental value, in other words. This is not competent. The true rule in such cases is not to inquire as to market value, since such articles have no market value, but to show the 'actual value to him who owns the portraits, taking into account the cost, the practicability, and expense of replacing it, and such other considerations as in the particular case affect their value to the owner.' Green v. Railroad Co., 128 Mass. 221; Railway Co. v. Nickelson, 61 Tex. 550; Hutchinson on Carriers, 770 (b)."

[4] As we construe the verdict of the jury, in answering the first special issue they found that appellant held the goods under the contract, as pleaded by appellees, and under the fifth answer the contract as pleaded by appellant. The finding under the fifth issue relieved him of liability. The court was without authority to enter judgment on conflicting issues of this charcter. Stoker v. Fugitt, 102 S. W. 743; Commerce Milling

Co. v. Morris, 86 S. W. 73; Taylor v. Flint, 33 Tex. Civ. App. 664, 77 S. W. 964; Cushman v. Masterson, 64 S. W. 1031; 38 Cyc. p. 1926; 46 Central Digest, title, Trial, par. 856.

[5] This conflict was not called to the attention of the trial court in the motion for new trial, but appellant presents it as fundamental error in his brief. We believe that this presents a question of fundamental error, not required to be assigned in the motion for new trial.

For the errors discussed, this cause is reversed and remanded for a new trial.