**FIRST NAT. BANK OF RULE v. CHAPMAN, District Judge, et al. (No. 10711.)**

(Court of Civil Appeals of Texas. Fort Worth. June 30, 1923.)

**1. Judgment ⚖➙213—New trial ⚖➙110—Refusal to enter judgment in effect sets verdict aside.**

Where answers of the jury on special issues were in such irreconcilable conflict that no proper judgment could be entered thereon, the effect of an order refusing to enter judgment was a setting aside of the verdict.

**2. New trial ⚖➙3—Under statute trial court may set verdict aside before judgment.**

Under Rev. St. art. 1990, a trial court, for good cause, may set aside a verdict and grant new trial before entry of judgment.

**3. Judgment ⚖➙256(2)—Judge not required under statute to render judgment on conflicting or inconsistent findings.**

Rev. St. art. 1990, providing that the court must enter judgment on a special verdict, is subject to the exception that if the special findings are conflicting, or so inconsistent that judgment should not be rendered thereon, then they may be disregarded.

**4. Mandamus ⚖➙27—Lies to enforce ministerial duty only.**

Mandamus lies to enforce the performance of a ministerial duty only and not a duty involving exercise of discretion.

**5. Mandamus ⚖➙26—Lies to compel judge to exercise jurisdiction.**

When an inferior court declines to exercise his jurisdiction, mandamus is the remedy to compel the judge to act.

**6. Mandamus ⚖➙4(1)—Not substitute for appeal.**

Mandamus cannot be resorted to as a substitute for an appeal or writ of error.

**7. Mandamus ⚖➙10—Must be founded on legal right in relator.**

Process of mandamus must be founded on a clear legal right in relator.

Original application for mandamus by the First National Bank of Rule against W. R. Chapman, Judge of the District Court, and others. Application denied.

Ratliff & Ratliff, of Haskell, and H. R. Jones, of Corpus Christi, for plaintiff.

Theodore Mack, of Fort Worth, and Lon A. Brooks and J. E. Robinson, both of Anson, for defendants.

DUNKLIN, J. The First National Bank of Rule instituted a suit against Mrs. Kate Whorton to recover the title and possession of four lots of land in the town of Rule, upon which there was situated what is known as the Rock Hotel. The hotel was leased by the plaintiff to the defendant under a written contract for the years 1921 and 1922. This suit was instituted on January 7, 1923, and was in form of trespass to try title, and it was alleged in the petition that on February 1, 1923, the defendant unlawfully entered upon the premises and ejected plaintiff therefrom and now withholds possession from the plaintiff. After the institution of the suit, plaintiff sued out a writ of sequestration, which was duly executed, but later the defendant replevied the property, giving a statutory replevy bond therefor. It was alleged in plaintiff's petition that the defendant had occupied the property under a written lease for the years 1921 and 1922; that the written lease expired January 31, 1923; that during the latter part of the year 1922 the written lease had been changed to a lease from month to month, but that the same as so changed expired January 31, 1923; that on January 9, 1923, plaintiff, through its president and board of directors, informed the defendant that beginning February 1, 1923, the rental on the building would be raised to $75 per month, and that to lease the property

for one year beginning on that date she would be required to execute a written contract therefor, but that the defendant refused to execute such a contract, stating at the time that she did not expect to keep the hotel longer than February 1, 1923; and she also stated to B. L. Jackson, one of the directors of the plaintiff bank, that she would vacate the premises by that time. It was further alleged that, relying upon said promise on the part of defendant to vacate the premises, the plaintiff leased the hotel to Mrs. L. L. Wright for one year, beginning February 1, 1923, for a monthly rental of $75 per month and executed to her a written contract to that effect on the 11th day of January, 1923; that Mrs. Wright would not have leased the property from plaintiff in the absence of defendant's promise to so vacate, and plaintiff would not have leased the same to Mrs. Wright but for said promise on the part of defendant; and that by reason of those facts the defendant is estopped from claiming title or possession of said property.

In reply to plaintiff's pleadings, the defendant filed demurrers and exceptions, also a general denial and a plea of not guilty. By special answer, the defendant admitted that she had held the property for the years 1921 and 1922 by a written contract from plaintiff, but alleged that said written lease expired December 31, 1922. She also denied the alleged change in that contract for the latter part of the year 1922, but further alleged that plaintiff did grant her permission to pay the rental during the last six months of the year 1922 in monthly installments. Defendant further alleged that after the termination 'of the written lease on December 31, 1922, she continued in possession of the premises, and on January 26, 1923, paid to plaintiff the rent for that month, which was accepted by the plaintiff, and at the time of such acceptance plaintiff did not inform the defendant that it desired possession of the premises. Defendant further alleged that on January 9, 1923, an agreement was reached by the parties, by the terms of which plaintiff obligated itself to make certain needed improvements on the hotel building, and the defendant agreed that if said improvements were made she would continue in possession of the property and pay the plaintiff therefor a monthly rental of $75 from February 1, 1923, to December 31, 1923. Defendant further alleged that by reason of the facts above stated she had an express and also an implied lease on the hotel for the entire year of 1923.

The case was tried before a jury, to whom was submitted special issues. The issues so submitted, together with the findings of the jury thereon, are as follows:

"(1) Did plaintiff and defendant in the latter half of 1922 agree that the contract for the lease of the Rock Hotel for that year should be changed so that defendant would have the right of possession by the month? Ans. Yes.

"(2) Did defendant, Mrs. Whorton, during January, 1923, agree with Mr. Cole that if certain improvements were made on the Rock Hotel by plaintiff that defendant would pay $75 per month rent for the Rock Hotel for the year 1923? Ans. Yes.

"(3) Did defendant, Mrs. Whorton, during January, 1923, state to B. L. Jackson that she would vacate the Rock Hotel by February .1, 1923? Ans. Yes.

"(4) If you answer special issue No. 3 in the affirmative or yes, then would plaintiff have leased the Rock Hotel to Mrs. Wright without such promise to vacate¹ on the part of the defendant? Ans. No."

After that verdict was returned, plaintiff filed a motion for judgment in its favor, and the defendant filed a motion for judgment in her favor. In each of said motions the prayer for judgment was based upon the findings by the jury, it being alleged in each motion that those findings warranted and required the rendition of a judgment in favor of the party making the motion. Both of these motions were heard and overruled, and the order expressly recited that "the court declines to enter judgment in favor of either party."

The proceeding now before this court is an application by the plaintiff, the First National Bank, for a writ of mandamus to compel Hon. W. R. Chapman, judge of the district court of Haskell county, who tried the case, to enter a judgment in favor of the plaintiff, and also to require him to set aside an order made quashing the writ of sequestration issued in the cause. The application sets out the substance of the pleadings of the parties and also the findings of the jury, and the following excerpt from the application for mandamus states the particular grounds upon which the writ is prayed for:

"Relator, with all due respect, says that the trial judge acted arbitrarily and without authority of law in refusing to render a judgment in favor of the relator in this cause on the findings of the jury in answer to special issues Nos. 1, 3 and 4, which said findings are amply and fully supported by the evidence, and are responsive to the issues presented by the pleadings."

The respondent, Hon. W. R. Chapman, has filed an answer to the petition for mandamus, in which after reciting the pleadings, the following is said:

"Accordingly respondent shows that when the cause was tried before him he without objection of the relator submitted for the determination and answer of the jury four special issues, which issues in his judgment, no objection being lodged by relator, covered the entire case. Among other issues submitted was the defense specially pleaded by the defendant below. Issue No. 2, substantially whether defendant during January, 1923, agreed with Cole, the admitted president of the bank, that if certain improvements were made on the hotel by relator,

that she would pay $75 per month for the hotel for the year 1923. The jury answered this issue in the affirmative. However, three other issues were submitted covering the theory entertained by the relator, the first to the effect that in the latter half of 1922 it was agreed that the contract for the hotel should be changed so that defendant would have the right of possession by the month; second (being the third issue submitted), that Mrs. Whorton during January, 1923, stated to a man named Jackson that she would vacate the hotel by February 1, 1923. (It was shown by the petition that Jackson was one of the directors of the bank); and, lastly, the fourth issue was to the effect that plaintiff would not have leased the hotel to Mrs. Wright without her (defendant's) promise to vacate.

"It thus was manifest to respondent that the answers of the jury were in hopeless and irreconcilable conflict, and under the circumstances respondent felt that no proper judgment could be entered, and he therefore entered a mistrial and refused to render judgment for either party. Respondent replied upon adjudication of our courts of last resort in the following cases: Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367; Mayo v. Railway Co. (Tex. Civ. App.) 234 S. W. 938; Wisdom v. Peek (Tex. Civ. App.) 220 S. W. 210; Railway v. Wilkerson (Tex. Civ. App.) 224 S. W. 574; Wright v. Chandler (Tex. Civ. App.) 173 S. W. 1173; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Taylor v. Flynt, 33 Tex. Civ. App. 664, 77 S. W. 964; Grain Co. v. Morris (Tex. Civ. App.) 86 S. W. 73, and other cases to the same effect."

[1] We are of the opinion that the legal effect of the order entered by the trial judge refusing to enter judgment for either party upon the verdict of the jury was a setting aside of the verdict of the jury, and especially so when considered in connection with what is stated in his answer to relator's application for the writ. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559. 39 L. Ed. 517; Rosenberg Bros. v. Curtis Brown Co., 260 U. S. 516, 43 Sup. Ct. 170, 67 L. Ed. 372, and other decisions there cited.

[2] Article 1990, Rev. Statutes, reads as follows:

"In all cases where a special verdict of the jury is rendered, or the conclusions of fact found by the judge are separately stated, the court shall, unless the same be set aside and a new trial granted, render judgment thereon."

It cannot be doubted that under the statute the trial judge had the right, for good cause, to set aside the verdict and grant a new trial before the entry of any judgment. Scott v. F. & M. National Bank (Tex. Civ. App.) 66 S. W. 485.

[3] The decisions cited by respondent, and noted above, amply support the proposition that the provision in article 1990 of the statute that the court must enter judgment on a special verdict unless the same is set aside, is subject to the exception that if the special findings of the jury are conflicting, and so inconsistent that judgment should not be rendered thereon, then the same may be disregarded by the trial judge.

[4] It is elementary that a mandamus lies only to enforce the performance of a ministerial duty, and will not issue to require the performance of a duty involving the exercise of discretion.

[5] When an inferior court declines to exercise his jurisdiction, mandamus is an appropriate remedy to compel the judge to proceed to act, but the writ cannot be used to control his judicial discretion in the manner of performance of the duty. The rule is thus stated in 18 R. C. L. p. 296:

"Summarizing briefly, mandamus may be appropriately used and is often used to compel courts to act where they refuse to act and ought to act, but not to direct or control their judicial discretion; to compel the court to hear and decide where they have jurisdiction, but not to predetermine the decision to be made; to require them to proceed to judgment, but not to fix and prescribe the judgment to be rendered."

For further discussion of the subject see 18 R. C. L. pp. 295 to 302.

[6, 7] It is also a familiar rule that a writ of mandamus cannot be resorted to as a substitute for an appeal or writ of error. Smith v. Conner, 98 Tex. 434, 84 S. W. 815. It is also well settled that the process of mandamus must be founded upon a clear legal right in the relator; otherwise it will not lie. Railway Company v. Jarvis, 80 Tex. 456, 15 S. W. 1089; Teat v. McGaughey, 85 Tex. 478, 22 S. W. 302; Erp v. Robinson, 106 Tex. 143, 155 S. W. 180, 157 S. W. 1160.

The leading decision in this state relied on by the relator is Lloyd v. Brinck, 35 Tex. 1. In that case a jury had returned a general verdict in favor of the plaintiff upon a submission of the entire case by a general charge. The suit was to recover a personal judgment for the sum of $18,000, and the jury returned their verdict, in legal form, in favor of the plaintiff for the amount of the debt sued for, with interest, "whereupon the court ordered that the verdict returned by the jury in the above-styled cause be set aside and that a new trial be granted." At a later day the court overruled plaintiff's motion for a judgment in his favor, in accordance with the verdict. The Supreme Court granted a writ of mandamus requiring a rendition of the judgment as prayed for by the plaintiff in the suit.

The following decisions are to the general effect that the court has no discretion to refuse to enter judgment in accordance with the verdict of the jury, where the same is a proper basis for the judgment, although those decisions were upon appeals and the

cases were not proceedings for mandamus. Armstrong v. Hix, 107 Tex. 194, 175 S. W. 430; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787; Carwile v. Cameron & Co., 102 Tex. 171, 114 S. W. 100; Davis v. Davis (Tex. Civ. App.) 237 S. W. 619.

It will be noted that in the case of Lloyd v. Brinck, supra, that the verdict was so plain and unambiguous that there was no possible ground for holding that there was any conflict in the findings by the jury, and that the court did not set it aside by reason of any conflict. While the trial judge in that case did not assign any reason for his action in setting aside the verdict, it appears from the report of the case that it may be safely inferred that such ruling was because the jury disregarded the court's instructions in his general charge, which were strongly in favor of the defendant, who was a married woman, and was sued for debt based on her personal obligation.

That decision, we believe, is distinguishable from the present suit. In the decision in that case, which was rendered in 1871, there was no discussion of the question as to whether or not the trial judge had the statutory right, now given him by article 1990, to set aside a verdict on special issues, without first rendering a judgment in accordance with the verdict, and we have been unable to find the particular statute upon which the decision was based. It seems probable that, if that statute had given that power, the point would have been discussed. Again, in the present suit, it seems that the chief ground upon which rests relator's claim that a judgment should have been rendered in its favor was the findings of the jury in answer to issues Nos. 3 and 4, which relator insists sustained its plea of estoppel, but it will be noted that there is an absence of any finding by the jury that B. L. Jackson, to whom the defendant made the statement mentioned in issue No. 3 was in any manner acting for and in behalf of the bank, and that the promise made to him was for its benefit. It is true that in respondent's answer it is stated that B. L. Jackson was alleged to be a director of plaintiff bank, but there is no finding by the court that he was such and authorized by the bank to represent it in that transaction, or that the promise made to him was intended for the benefit of the bank. Furthermore, the conclusion reached by respondent that the findings of the jury were conflicting and too indefinite to form a proper basis for a judgment in favor of either party, was the exercise of judicial discretion, whether erroneous or not, and that feature of this case was not in the case of Lloyd v. Brinck, supra.

Relator has filed in this court a statement of facts, and insists that the same shows that it was entitled to a judgment in its favor, because the undisputed evidence shows that the plea of estoppel against defendant in the case was clearly established, and that those facts should be considered in connection with the verdict of the jury. But, as noted already, the application for the writ of mandamus was based solely on the verdict. Furthermore, the trial court was the exclusive judge of the credibility of the witness as to any issue of fact not determined by the jury, and which it was his province to decide, and we cannot say from the record that he did not discredit the testimony of some of the relator's witnesses who were officials of the bank and were therefore interested witnesses.

It may be observed further that it is quite apparent, from respondent's answer and from his order overruling motions for judgment by both parties, that were he required to enter judgment for relator he could, in all probability, grant defendant a new trial, and thus the entry of the judgment in relator's favor would result in no substantial benefit, and it is clear that were respondent to pursue that course relator would have no right of appeal, and we perceive no sound reason for refusing to apply to cases like the present the rule that courts will not enter a decree which will result in no substantial benefit to the person praying therefor, even though a strictly legal right has been violated, as was held in Chambers v. Gallup, 30 Tex. Civ. App. 424, 70 S. W. 1009 (writ of error denied). Foust v. Warren (Tex. Civ. App.) 72 S. W. 404; Kimmell v. Edwards (Tex. Civ. App.) 193 S. W. 363, and decisions in note Ann. Cas. 1912C, 247. It is true that that rule was not applied in Lloyd v. Brinck, supra, but it is also true that the question was not raised nor discussed in that case.

On the whole, we have reached the conclusion that there is not such a clear showing for the relief prayed for as to warrant the granting of the writ, and the application therefore is, accordingly denied.